Josefa Soler Ríos Vda. de Rocafort, peticionaria *v.* Corte de Distrito de Humacao, Hon. R. Arjona Siaca, Juez, demandada.

No. 826.—*Sometido:* Abril 18, 1932. *Resuelto:* Julio 30, 1932.

*J. H. Brown* y *Walter L. Newsom, Jr.*, abogados de la peticionaria; *Juan B. Soto, González Fagundo & González, Jr.* y *Elías B. Wilcox,* abogados del demandante en el pleito principal; *Molina, Dubón & Ochoteco,* como *amicus curiae.*

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este caso se inició en la Corte de Distrito de Humacao por el procedimiento sumarísimo que autorizan la Ley Hipotecaria y su Reglamento a fin de cobrar una deuda garantizada con hipoteca constituída por escritura pública inscrita en el registro de la propiedad, así:

"Tercera: Para garantizar los cinco mil dollars del préstamo, sus intereses al tipo indicado y quinientos dollars señalados para gastos, costas y honorarios del abogado del acreedor en caso de reclamación judicial, Don Salvador Rocafort, como apoderado de su señora madre Doña Josefa Soler Ríos viuda de Rocafort constituye primera hipoteca voluntaria a favor de Don Elías B. Wilcox sobre la finca descrita en la parte expositiva de esta escritura, con todo lo que la misma encierra, con cuyo gravamen permanecerá hasta que se pague totalmente la deuda que garantiza."

Luego la deuda y la garantía se ampliaron en la misma forma a $6,000, fijándose $600 para costas, gastos y honorarios de abogado.

Al ordenar la corte el requerimiento del deudor con respecto a las costas, lo hizo en la forma que sigue:

". . . . hasta la de SEISCIENTOS DOLLARS que ella se obligó a pagar como gastos, costas y honorarios de abogado en caso de ejecución, según dichas costas y honorarios de abogado fueron aprobados por la Corte, . . . ."

Transcurrieron los treinta días del requerimiento sin que se verificara el pago y el ejecutante, el 11 de julio de 1931, presentó un memorándum de costas, gastos y honorarios de abogado, ascendente a $600. Además presentó una moción en forma alternativa, reclamando el pago de los $600 como daños líquidos o penalidad fijada para el caso de tener que recurrirse a la vía judicial para el cobro de la deuda.

El 25 de agosto siguiente la corte dictó una resolución que dice:

"Considerado el memorándum de costas radicado en este caso, ascendente en su totalidad a la suma de $600.00, el cual no ha sido impugnado en forma alguna por los demandados, a pesar de haber transcurrido el término legal, la Corte le imparte su aprobación."

Al enterarse la deudora de esa resolución pidió, el 3 de septiembre, 1931, su reconsideración. Se opuso el ejecutante, y la corte decidió, el 11 de marzo de 1932, lo que sigue:

"Estudiada minuciosamente la cuestión fundamental planteada, desarrollada muy hábilmente desde todos sus puntos de vista, en los alegatos de los comparecientes, el criterio de la Corte es que el único medio de satisfacer el derecho del deudor ejecutado en cuanto a las costas judiciales del procedimiento y garantizar. el suyo al acreedor ejecutante, en cuanto a la no interrupción de su acción sumaria mediante intervenciones contenciosas, aunque incidentales, es el de que las costas, honorarios incluídos, sean liquidados y fijados por la Corte, mediante memorándum rendido al tribunal, el cual no viene obligado a conceder audiencia sobre el mismo al deudor ejecutado. De lo contrario el procedimiento ejecutivo que es motivo fundamental de la

Ley Hipotecaria y base eficaz del crédito territorial, quedaría lesionado en la naturaleza sumaria y especial que le imprimió siempre la legislación sobre la materia. Se declara sin lugar la moción sobre reconsideración, con lugar la acción sobre eliminación y se ratifica la aprobación del memorándum de costas que aparece en los autos."

Entonces la deudora alegando además que el ejecutante había vendido por escritura pública de 14 de marzo de 1932 su hipoteca a la United Porto Rican Sugar Company of Porto Rico, comprometiéndose a no seguir el procedimiento de ejecución excepto en cuanto a la fijación y concesión de las costas y honorarios de abogado, solicitó de esta Corte Suprema que expidiera un auto de *certiorari* y revisara los procedimientos de la Corte de Distrito de Humacao.

Tanto el peticionario como el ejecutante han argumentado ampliamente sus respectivas posiciones. No tendremos necesidad de referirnos a esa argumentación, porque en la decisión rendida en el día de hoy en el caso No. 827, *Arsuaga* v. *Corte de Distrito,* se cubren los puntos fundamentales debatidos. Tal cual allí dejamos interpretada la ley no resulta anticonstitucional, como sostiene la peticionaria en este caso que resultaría si se acordara el pago de las costas sin dársele una oportunidad de ser oída. Fueron las mismas partes las que voluntariamente contrataron que en caso de ejecución se entendieran cubiertas las costas que pudiera originar el procedimiento con una determinada suma que de común acuerdo fijaron, pudiendo cobrarse dicha suma al igual que las demás garantizadas por la hipoteca.

Ahora bien, en este caso concreto resulta que el acreedor después de iniciado el procedimiento ejecutivo sumarísimo cedió su crédito a la United Porto Rican Sugar Co., comprometiéndose a no seguir la ejecución excepto en cuanto "al incidente de costas y honorarios de abogado." La cesionaria compareció en el procedimiento iniciado por el primitivo acreedor, a saber, en el caso civil No. 16058 de la Corte de Distrito de Humacao, *Elias B. Wilcox* v. *Josefa Soler y*

*Ríos viuda de Rocafort,* sobre ejecución de hipoteca, y presentó una moción acompañada de los documentos públicos creditivos de la cesión, pidiendo a la corte que "se tenga por substituída a la peticionaria como parte demandante en esta acción, con excepción hecha del incidente sobre costas, y que se tenga asimismo por desistida de este procedimiento sumario para la ejecución de la hipoteca y su ampliación, dejando en pie, sin embargo, el incidente sobre aprobación de costas en que el demandante, Elías B. Wilcox, ha de quedarse como la parte demandante."

A esa moción la corte proveyó como sigue:

"Vista la moción de la United Porto Rican Sugar Company (of Porto Rico) que precede, y los documentos que a la misma se acompañan, se tiene a dicha United Porto Rican Sugar Company (of Porto Rico) por substituída como parte demandante en esta acción, con excepción hecha del incidente sobre costas, teniéndosele asimismo por desistida de este procedimiento sumario para la ejecución de la hipoteca y su ampliación, dejando en pie, sin embargo, el incidente sobre aprobación de costas, en que el demandante, Elías B. Wilcox, ha de quedarse como la parte demandante."

En los propios términos usados por la cesionaria al dirigirse a la corte y por la corte misma se advierte una desviación completa del procedimiento ejecutivo sumarísimo que autoriza la Ley Hipotecaria, que no es en verdad un pleito contencioso, ya que la "sentencia" que debe dictarse es acordada, fijada y consentida por las partes contratantes y se ejecuta a gestión del acreedor, previa por supuesto la demostración ante la autoridad competente de que se está en el caso de ello de conformidad con el contrato y la ley, reservándose al deudor el derecho a pedir su suspensión en los casos taxativamente expresados en el artículo 175 del Reglamento y a formular sus demás reclamaciones en el juicio plenario que corresponda.

Siendo ello así ¿cómo es posible continuar el procedimiento sólo en cuanto al cobro de las costas? Éstas se fijan para el

caso de que haya necesidad de cobrar la deuda por la vía judicial. Aquí se comenzó el procedimiento de cobro ante la corte, pero la deuda fué cobrada por la cesión sin necesidad del auxilio de la corte. La garantía hipotecaria para el pago de las costas está supeditada al cobro de la deuda por la vía judicial. El procedimiento ejecutivo sumarísimo quedó de hecho terminado al desistir la cesionaria del cobro de su crédito.

No debe entenderse que resolvemos que no asiste derecho alguno al primitivo acreedor o a su cesionaria a virtud de las costas en que incurrieran como consecuencia del no pago del deudor a su debido tiempo. Nada resolvemos en sentido afirmativo ni en sentido negativo. Lo que sí resolvemos es que no cabe recurrir al procedimiento sobre cobro de costas que fija el vigente Código de Enjuiciamiento Civil, ni al especial que adoptó la corte de distrito dentro de un procedimiento sumarísimo tramitado de acuerdo con la Ley Hipotecaria y que cuando instado ese procedimiento el acreedor percibe su crédito y desiste de su cobro por la vía sumarísima no cabe continuar ésta exclusivamente para el cobro de las costas. *Debe anularse la orden de requerimiento dictada en el dicho ejecutivo No. 16058 y todas las subsiguientes, devolviéndose el caso a la corte de distrito de su origen para ulteriores procedimientos de conformidad con la ley.*